IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § § § | Chapter 11 |
| VALENCE TECHNOLOGY, INC., | § § | CASE NO. 12-11580-CAG |
| Debtor. | § § § | |

**DEBTOR'S FOURTH EXPEDITED MOTION TO EXTEND THE EXCLUSIVE PERIODS FOR THE FILING OF A CHAPTER 11 PLAN OF REORGANIZATION AND SOLICITATION OF ACCEPTANCES THEREOF**

TO THE HONORABLE CRAIG A. GARGOTTA, U.S. BANKRUPTCY JUDGE:

Valence Technology, Inc. ("Valence" or "Debtor"), the debtor and debtor-in-possession in the above captioned Chapter 11 case (the "Case"), hereby files this *Fourth Expedited Motion to Extend the Exclusive Periods for the Filing of a Chapter 11 Plan of Reorganization and Solicitation of Acceptances Thereof* (the "Motion"). In support of the Motion, the Debtor respectfully represents as follows:

## I. JURISDICTION, VENUE, AND BASIS FOR RELIEF

1. This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for the relief requested is 11 U.S.C. § 1121(d).

{01191/0006/00088673.1}

## II. BACKGROUND

A. **General Background**

3. On July 12, 2012 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

4. The Debtor continues to manage and operate its businesses as a debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. Neither a trustee nor an examiner has been requested or appointed in the Case. On August 8, 2012, the United States Trustee for the Western District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Creditors' Committee").

5. A description of the background of the Debtor and the events leading up to the filing of the voluntary petition by the Debtor is provided in the Declaration of Robert Kanode in Support of First Day Motions [Docket No. 2], which is incorporated herein by reference.

B. **Prior Exclusivity Extension Motions**

6. On October 29, 2012, the Debtor filed its Expedited Motion to Extend the Exclusive Periods for the Filing of a Chapter 11 Plan of Reorganization and Solicitation of Acceptances Thereof [Docket No. 185] (the "First Exclusivity Motion"). On November 9, 2012, the Court entered its order [Docket No. 203] granting the First Exclusivity Motion and extending these periods without prejudice to the right of the Debtor to seek further extensions.

7. On December 20, 2012, the Debtor filed its Second Expedited Motion to Extend the Exclusive Periods for the Filing of a Chapter 11 Plan of Reorganization and

Solicitation of Acceptances Thereof [Docket No. 255] (the "Second Exclusivity Motion"). On January 10, 2013, the Court approved the Second Exclusivity Motion [Docket No. 279], extending these periods without prejudice to the right of the Debtor to seek further extensions.

8. On March 8, 2013, the Debtor filed its Third Expedited Motion to Extend the Exclusive Periods for the Filing of a Chapter 11 Plan of Reorganization and Solicitation of Acceptances Thereof (the "Third Exclusivity Motion") [Docket No. 323] (together with the First Exclusivity Motion and the Second Exclusivity Motion, the "Prior Exclusivity Motions"). On March 21, 2013, the Court entered its order approving the Third Exclusivity Motion. The Court's Order Granting Third Expedited Motion to Extend the Exclusive Periods for the Filing of a Chapter 11 Plan of Reorganization and Solicitation of Acceptances Thereof [Docket No. 338] (the "Third Exclusivity Extension Order") extended the Debtor's deadline to file a Chapter 11 plan up to and including July 8, 2013 (the "Exclusive Filing Period"), and extended the period during which the Debtor had the exclusive right to solicit acceptances thereof up to and including September 6, 2013 (the "Exclusive Solicitation Period," and together with the Exclusive Filing Period, the "Exclusive Periods").

9. Without an additional extension of the Exclusive Periods, the Debtor's periods for filing a plan of reorganization and soliciting acceptances thereof will expire on July 8, 2013 and September 6, 2013, respectively. The Prior Exclusivity Motions detailed the Debtor's earlier post-petition efforts to stabilize its operations, negotiate with its creditors and secured lenders, obtain debtor-in-possession financing to fund its operations during this restructuring process, stabilize and maintain operations in several

{01191/0006/00088673.1}

3

countries throughout the world, retain investment bankers to identify and negotiate a private placement, and work to secure an exit financing facility. The Debtor incorporates the Prior Exclusivity Motions by reference herein. Following the Court's entry of the Third Exclusivity Extension Order, the Debtor has continued to work diligently to negotiate an exit financing facility and to formulate a consensual plan of reorganization. That process, however, is not complete.

### III. RELIEF REQUESTED

A. **Summary of Relief Requested**

10. With this Motion, the Debtor seeks on an expedited basis, an order pursuant to section 1121(d) of the Bankruptcy Code further extending the Exclusive Filing Period by ninety (90) days through and including October 7, 2013, and extending the Exclusive Solicitation Period through and including December 5, 2013, or sixty (60) days after the expiration of the Exclusive Filing Period, as extended, without prejudice to the right of the Debtor to seek further extensions of the Exclusive Periods as circumstances warrant.

B. **Expedited Consideration**

11. Pursuant to a separate motion filed contemporaneously herewith, the Debtor has requested that the Court hold an expedited hearing on the Motion prior to July 8, 2013, which is the last day of the Exclusive Filing Period. If the extensions of the Exclusive Periods are not granted prior to the expiration of the current Exclusive Solicitation Period, the Debtor may lose its exclusive right to file a Chapter 11 plan of reorganization and to solicit acceptances thereof. The Debtor therefore maintains that expedited consideration of the Motion is necessary.

## IV. BASIS AND AUTHORITY FOR RELIEF

A.   **Extension of Exclusive Periods**

12.   Pursuant to section 1121(d)(1) of the Bankruptcy Code, the Debtor seeks entry of an order extending the Exclusive Periods by an additional ninety days, without prejudice of the Debtor's right to seek additional and further extensions of the Exclusive Periods as may be appropriate.

13.   Section 1120(b) provides that the debtor has an exclusive right to file a Chapter 11 plan during the first 120 days following the commencement of the case. Pursuant to section 1121(c)(3) of the Bankruptcy Code, if the debtor files a plan during this period, an additional sixty-day period is automatically granted during which time the debtor may exclusively solicit acceptance of the plan.

14.   Section 1121(d) of the Bankruptcy Code provides that the Court may extend these exclusive periods for cause, so long as the 120-day exclusivity period is not extended beyond a date that is 18 months after the petition date, and the 180-day solicitation period is not extended beyond a date that is 20 months after the petition date. *See* 11 U.S.C. § 1121(d)(1), (2).

15.   Although the Bankruptcy Code does not define the term "cause" in this context, it is well established that the standard is intended to be flexible and its application is committed to the sound discretion of the Bankruptcy Court. *See, e.g., In re Public Service Co. of New Hampshire*, 88 B.R. 521, 534 (Bankr. D.N.H. 1988) (observing that the "legislative intent has been construed to leave the question to the reorganization court in the exercise of its discretion and promote maximum flexibility to suit various types of reorganization proceedings.").

{01191/0006/00088673.1}

5

16. When determining whether cause exists to extend the debtor's exclusivity periods, courts have considered a variety of non-exclusive factors including (a) the size and complexity of the debtor's case; (b) the existence of good faith progress toward reorganization; (c) a finding that the debtor is not seeking the extension to pressure its creditors; (d) the fact that the debtor is paying its bills as they come due; (e) the length of time the case has been pending; (f) whether the debtor has made progress in negotiating with creditors; and (g) the existence of unresolved contingencies. *See, e.g., In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1987); *see also, In re Adelphia*, 342 B.R. 122, 131 (Bankr. S.D.N.Y. 2006) (court considered factors, but focus was on whether "debtors had made a good faith progress toward reorganization and whether the extension of exclusivity was sought to pressure creditors to submit to debtor's reorganization demands.").

**B.**     **Cause Exists to Extend the Exclusive Periods**

17. Ample cause exists for the Court to extend further the Debtor's Exclusive Periods. The Debtor's post-petition obligations have been paid, the Debtor's monthly operating reports have been timely filed, and all fees owing to the U.S. Trustee have been paid. Moreover, the Debtor's case remains complex, and the Debtor requires additional time to secure the funding necessary to propose a plan of reorganization.

18. On February 15, 2013, the Court entered its order [Docket No. 312] authorizing the Debtor to employ and retain KPMG Corporate Finance, LLC ("KPMGCF") and Roth Capital Partners, LLC ("Roth") as investment bankers to the Debtor. Since then, KPMGCF and Roth have been working jointly to assist the Debtor

in arranging an equity or equity-linked securities transaction in exchange for cash or other consideration not including a public offer.

19. On June 26, 2013, the Debtor's Board of Directors met to consider a proposed Letter of Intent submitted by a potential purchaser. As a precondition to acceptance by the Board, however, the Letter of Intent required the consent of the Debtor's largest pre-petition secured lender, Berg & Berg Enterprises, LLC ("Berg & Berg"). That consent was not obtained, so the Debtor now requires additional time to negotiate an alternative plan of reorganization. Berg & Berg also submitted a proposal to the Debtor that would include exit financing, and the Debtor is currently considering Berg & Berg's proposal as an alternative plan.

20. If the Court grants this Motion and extends the Exclusive Periods as requested herein, the 18-month exclusivity deadline and 20-month solicitation deadline set forth in section 1121(d)(2) of the Bankruptcy Code would not be implicated. In fact, the Court may extend the Exclusive Filing Period through December 12, 2013, and the Exclusive Solicitation Period through February 12, 2014.

21. The Debtor's requested extension of the Exclusive Periods is justified and appropriate, and the proposed extension will not prejudice or harm creditors or others parties in interest. The Debtor is not seeking an extension of the Exclusive Periods to delay creditors or force them to accede to the Debtor's demands. To the contrary, the Debtor requires additional time to negotiate a consensual plan of reorganization with its pre-petition secured lender and to build consensus during the plan process. To that end, and consistent with the goals of Chapter 11 of the Bankruptcy Code, the requested

extension will afford the Debtor additional time to obtain exit financing and allow all parties a meaningful opportunity to pursue a consensual plan of reorganization.

## V. **PRAYER**

WHEREFORE, the Debtor respectfully requests that the Court enter an order extending the Debtor's Exclusive Periods as provided herein, and granting such other and further relief as is just and proper.

Dated: June 27, 2013  Respectfully submitted,

**STREUSAND, LANDON & OZBURN, LLP**

By: */s/ Sabrina L. Streusand*
    Sabrina L. Streusand
    State Bar No. 11701700
    G. James Landon
    State Bar No. 24002445
    Seth E. Meisel
    State Bar No. 24037089
    811 Barton Springs Road, Suite 811
    Austin, Texas 78704
    (512) 236-9900
    (512) 236-9904 (Fax)

    **ATTORNEYS FOR DEBTOR AND
    DEBTOR-IN-POSSESSION**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on the 27th day of June, 2013, a true and correct copy of the foregoing document was served by electronic means as listed on the Court's CM/ECF noticing system and/or by facsimile and/or by regular first class mail, postage prepaid, and that the foregoing instrument was sent in the same manner and on the same day to all creditors and parties in interest listed on the attached Service List.

*/s/ Sabrina L. Streusand*