

**SIGNED this 17th day of October, 2014.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 12-11580-CAG |
| | § | |
| VALENCE TECHNOLOGY, INC. | § | |
| | § | CHAPTER 11 |
| Debtor. | § | |

### ORDER GRANTING REORGANIZED DEBTOR'S MOTION
### FOR ENTRY OF FINAL DECREE (ECF NO. 585)

Came on to be considered the Debtor's Motion for Entry of Final Decree (ECF No. 585) and the Opposition of Roth Capital Partners, LLC to the Motion (ECF No. 592) ("Roth") and KPMG Corporate Finance, LLC's (1) Joinder to the Roth Opposition and (2) Request to Require Debtor to Escrow Attorney Fees (ECF No. 593)("KPMG") thereto. For the reasons stated below, the Court finds that the Debtor's Motion should be GRANTED.

As a preliminary matter, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A)(matters concerning the administration of the estate). Venue is proper under 28 U.S.C § 1408. This case is referred to this Court by the Standing Order of Reference entered in this District. The Court

1

has reviewed the entire record before it, including all admitted exhibits and arguments of counsel. The Court has also carefully considered all evidentiary objections raised and sustained in making its findings of fact.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 12, 2012, the Debtor (also referred to as the "Reorganized Debtor"), Valence Technology, Inc., filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor continues to manage and operate its business post confirmation. On September 20, 2013, Valence filed its First Amended Chapter 11 Plan of Reorganization (the "Plan") (ECF No. 441). On November 13, 2013, the Court considered confirmation of Debtor's Plan. On November 18, 2013, the Court entered an order confirming the Plan (ECF No. 503). The Effective Date (as defined in the Plan) as to the Reorganized Debtor was December 4, 2013, and payments to creditors have been made by the Reorganized Debtor pursuant to the terms of the Plan. All objections to Proofs of Claim have been resolved.

## THE PARTIES' CONTENTIONS AND LEGAL ANALYSIS

The Reorganized Debtor asks that this Court grant its Motion for Entry of a Final Decree. A bankruptcy court may close a Chapter 11 case if the estate has been "fully administered." 11 U.S.C. § 350(a). Bankruptcy Rule 3022 states: "[a]fter an estate is fully administered in a chapter 11 reorganization case, the [bankruptcy] court, on its own motion or on a motion of a party in interest, shall enter a final decree closing the case." FED. R. BANKR. P. 3022. Although the phrase "fully administered" is not defined in either the Bankruptcy Code or the Bankruptcy Rules, the 1991 Advisory Committee Notes to Bankruptcy Rule 3022 provide various factors to consider if an estate has been "fully administered":

> Entry of a final decree closing a chapter 11 case should not be delayed solely because the payments required by the plan have not been completed. Factors that

> the [bankruptcy] court should consider in determining whether the estate has been fully administered include (1) whether the order confirming the plan has become final, (2) whether deposits required by the plan have been distributed, (3) whether the property proposed by the plan to be transferred has been transferred, (4) whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan, (5) whether payments under the plan have commenced, and (6) whether all motions, contested matters, and adversary proceedings have been finally resolved.

FED. R. BANKR. P. 3022 advisory committee's note (1991).

The Reorganized Debtor argues that in this case: (1) the Court's order confirming the Plan has become final; (2) most distributions to creditors have been made; (3) property to be transferred under the Plan has commenced; and (4) the Reorganized Debtor has fully paid or commenced paying administrative and priority claims under the Plan, save and except for the allowance of certain administrative expense claims that are on appeal. In addition, the Reorganized Debtor has assumed management and operation of the reorganized business. Thus, the Reorganized Debtor maintains that it has substantially consummated the Plan, and the case is fully administered. Moreover, the Reorganized Debtor submits that only one Advisory Committee factor supporting case closure has not been fully met—all contested matters (the pending appeals) have not been finally resolved. Nonetheless, the Reorganized Debtor asserts that notwithstanding that all contested matters have been resolved is not an impediment to closing the case.

The Reorganized Debtor also argues that there are financial reasons that support the entry of the final decree. There are the costs of U.S. Trustee fees and reporting requirements that tax the finances of the estate. Further, the Debtor argues that the closing of its Chapter 11 case will remove the stigma of being in Chapter 11 and allow the Debtor to better compete with other businesses that offer similar products.

Roth and KPMG see it differently. They argue that the case is not fully administered. Roth and KPMG argue that an estate is not fully administered if there are outstanding motions, contested matters, or adversary proceedings. In particular, Roth and KPMG argue that the pending appeals of the Court's determination as to allowance of their administrative claims requires the Court to keep the case open until the appeals are resolved. Specifically, there is the Reorganized Debtor's pending appeal of this Court's (1) Order Granting in Part and Denying in Part the Final Fee Application of KPMG Corporate Finance, LLC, Investment Bankers to the Debtor for Compensation and Reimbursement of Expenses for the Period From February 6, 2013 Through November 14, 2013 (ECF No. 566), and (2) Order Granting in Part and Denying in Part the Final Fee Application of Roth Capital Partners, LLC, Investment Bankers to the Debtor for Compensation and Reimbursement of Expenses for the Period From February 6, 2013 Through October 30, 2013 (ECF No. 574) (together, the "Fee Orders"). Additionally, following a hearing on July 13, 2014, the Court issued its Order Denying Roth's Amended First Motion of Roth Capital Partners, LLC, for Order Directing Reimbursement of Attorneys' Fees and Costs for the Period October 9, 2013 through May 23, 2014 (ECF No. 625) (the "Attorneys' Fees Order"). Roth has appealed the Attorneys' Fees Order, so in combination with the Fee Orders, there are now three pending appeals in this case.

Roth and KPMG further argue that the Reorganized Debtor's continued opposition to payment of their administrative claims places payment of their claims in jeopardy because without the case remaining open, Roth nor KPMG have any way to monitor the Debtor's business operations to ensure that there will be sufficient monies available to pay their claims post closure of the Debtor's Chapter 11 case. As such, Roth and KPMG ask that the Court require the Debtor to escrow sufficient monies to pay their administrative claims should the

claims be allowed in their entirety on appeal. Each party was awarded a success fee of $625,000.00, exclusive of attorney fees. Both KPMG and Roth also expressed concern over the possibility that by the time all appeals have been exhausted, all creditor claims but for the Roth and KPMG administrative claims may be paid. At that time should the Debtor not pay the Roth and KPMG administrative claims, there would be a post-confirmation violation of the absolute priority rule in that junior claims would have been paid over administrative claims.

As such, the Court must determine if sufficient cause has been shown to grant the Motion for Entry of Final Decree. As an initial matter, the Court agrees with the Reorganized Debtor that most of the factors per the Advisory Notes have either been met by the Debtor or are inapplicable here.

Although courts have generally used the Advisory Notes six factors to determine whether a case has been fully administered, these factors are not exhaustive nor must all six factors be present to establish that a case should be closed. *See, e.g.,* **In re Union Home & Indus., Inc.**, 375 B.R. 912, 917 (10th Cir. B.A.P. 2007)(factors under the Advisory Notes are not considered exhaustive nor must a party demonstrate all factors before case may be closed); **In re Provident Fin., Inc.**, 2010 WL 6259973, at *9 (9th Cir. B.A.P. 2010), *aff'd*, 2012 WL 172887 (9th Cir. Jan. 17, 2012) ("bankruptcy courts have flexibility in determining whether an estate is fully administered by considering the factors set forth in [Bankruptcy] Rule 3022, along with any other relevant factors"); **In re Ginko Assoc., L.P.**, 2009 WL 2916917, at *2 (E.D. Pa. June 25, 2009) ("A court should review each request for entry of a final decree on a case-by-case basis" and "not all the factors set forth in the Advisory Committee Notes need to be present to establish that a case is fully administered").

In this case, the Court's order confirming the Plan has become final; property to be transferred under the Plan has commenced; and the Reorganized Debtor has fully paid or commenced paying administrative and priority claims under the Plan, save and except for those administrative expense claims that are on appeal. In addition, the Reorganized Debtor has assumed management and operation of the reorganized business. Thus, the Reorganized Debtor has substantially consummated the Plan, and the case is, for all intents and purposes, fully administered. Only one Advisory Committee factor supporting case closure has not been fully met in that all contested matters (which are appeals to the District Court) have not been finally resolved.

The existence of a pending matter, however, does not preclude closing a case. For example, it is well-established that "[t]he continuation of an adversary proceeding . . . is insufficient by itself to keep a case from being considered 'fully administered.'" ***In re Union Home and Indus.***, 375 B.R. at 918; *see also* ***In re Provident Fin.***, 2010 WL 6259973, at \*9 (affirming bankruptcy court's entry of final decree and noting that a final decree could have properly been entered even if an appeal and adversary proceeding had still been pending because "not all of the factors set forth in the Advisory Committee Note need to be present to establish that a case is fully administered for final decree purposes"); ***In re JMP-Newcor Int'l, Inc.***, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) (where bankruptcy plan had been confirmed and debtor had taken all actions required by the plan, case had been "fully administered" and should be closed even though certain disbursements and an adversary proceeding were still pending); ***In re McClelland***, 377 B.R. 446, 453 (S.D.N.Y. 2007) ("Fed. R. Bankr. P. 3022 permits entry of a final decree closing the case '[a]fter an estate is fully administered,' which is not necessarily contingent upon the resolution of stand-alone adversary proceedings").

As such, the Court finds that the parties' pending appeals of the Fee Orders should not prevent entry of a final decree closing this case. *See* **Provident Fin.**, 2010 WL 6259973, at *9 (stating that the existence of an appeal does not prevent a case from being "fully administered"). Moreover, if the Fee Orders are upheld on appeal, then the Plan provides a mechanism for the payment of those administrative claims once the order becomes final and is no longer appealable. *See* **In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.**, 238 B.R. 531, 542 (Bankr. E.D.N.Y. 1999) (observing that "the concept [of 'fully administered'] must mean that administrative claims have been provided for at least to the extent that assets exist out of which administrative claims can be partly or wholly paid."). Additionally, KPMG and Roth's concern that the Reorganized Debtor's funds could be exhausted before their appeals are concluded is unavailing. Had KPMG and Roth wanted further protection of their claims on appeal, either or both parties could have asked for a bond. *See* FED. R. BANKR. P. 7062 and 8005 (discussing the requirements for obtaining a bond and/or a stay pending appeal).

Additionally, this Court retains jurisdiction to reopen this case once the appeals are concluded. "A case may be reopened in the court in which such case was closed to administer assets, to accord relief to the debtor, or for other cause." 11 U.S.C. § 350(b); *see also*, FED. R. BANKR. P. 5010 ("[a] case may be reopened on motion of the debtor or other party in interest pursuant to §350(b) of the Code."). The decision to reopen a bankruptcy case is committed to the sound discretion of the bankruptcy court. *See, e.g.*, **Citizens Bank & Trust Co. v. Case (In re Case)**, 937 F.2d 1014, 1018 (5th Cir. 1991) (finding broad discretion in the phrase "for other cause"). "This discretion depends upon the circumstances of the individual case and accords with the equitable nature of all bankruptcy court proceedings." *Id.; see also*, **Matter of Statistical Tabulating Corp., Inc.**, 60 F.3d 1286 (7th Cir. 1995) (holding that a bankruptcy court may

reopen a dismissed case when a pending appeal is remanded to the bankruptcy court). If further relief is required in this case, then a party may seek reopening of the case.

## CONCLUSION

For these reasons, the Reorganized Debtor's Motion for Entry of Final Decree (ECF No. 585) is **GRANTED**.

# # #